Judge Logan
delivered the opinion of the court.
Sanders prosecutes this writ of error to a judgment of the county court of Gallatin, establishing a ferry on the Ohio. He objects to the ferry, upon the ground that it is within less than one mile from his ferry, previously regularly established on that river. ■
The county courts have, by the act of 1806, jurisdiction of like cases under the restriction that no ferry should thereafter be established on the Ohio, within less than one mile of any other ferry on said river, expept in a town, or where, from some impassable creek putting into the river, it becomes necessary.
In the present instance a creek is represented as coming Within this description. It appears from a bill of excep *197 tions in the cause, that the creek, where a public road Strikes it, is eight months in the year impassable, and for about two hundred yards above, is six months impassable in the year, and up about one mile, always passable.
Wickliffe for appellant, Bibb for appellee.
The court to |)ave actej properly un-the con* vide ante, Speed vs. Braxdale.
It ⅛ error ⅛ *tUout taking bond and security t'¡0Ije(j. &c.
That court must be presumed to understand best the obstructions presented by the creek in question to public passage, and the inconvenience therefrom; and without the most palpable abuse of their discretion, this court is of opinion it ought not to reverse their judgment. The by no means presents a case of that character. We not say what difficulties and general inconvenience might not be incurred in throwing the road around the points on the creek which is thus impassable.
But the law requires that the person to whom a ferry is granted, shall enter into bond with sufficient security, to be approved of by the court.
The order establishing the ferry was made at the Nov. term, 1814, and time given until* the next court to give bond and security. Audit was not until March court, 1815, that bond was executed; and no order then made in court on the subject.
As bond with security, tobe approved by the court, is indispensable to the legality of the judgment, which not having been executed pursuant to the order of the court granting the ferry; and having no order or judgment of the court subsequently entered to justify the procedure, we ihinkthe ferrv cannot be considered as legally established, and that the judgment and order undpr which it has been established is therefore erroneous and must be reversed, and the cause remanded to that court, that an order may be entered establishing the ferry, upon sufficient security being given, approved of by the court, as required by law.
And it is further considered by the court, that the plaintiff in this court recover of the defendant his cost in this court expended.